UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE SCOTT, | Case No. CV 18-6221-JLS-KK |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CARSON SHERIFF DEPT., ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

Michael Eugene Scott ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 28 U.S.C. § 1983 ("Section 1983") against defendants Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, and Carson Sheriff's Department Officer Magee in his individual and official capacities ("Defendants"). Plaintiff alleges Defendants used excessive force and were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

## II.
## **PROCEDURAL HISTORY**

On July 1, 2018, Plaintiff constructively filed[1] a civil rights complaint ("Complaint"). ECF Docket No. ("Dkt.") 1. The Complaint sues Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, and Officer Magee in his individual and official capacities. Id.

Plaintiff alleges that on September 9, 2017, Carson Sheriff's Department Officer Magee violated the Eighth Amendment when he broke Plaintiff's right hand by handcuffing Plaintiff in a patrol car and delaying medical treatment. Id. at 5. Plaintiff further contends Los Angeles County Sheriff's Department Medical violated the Eighth and Fourteenth Amendments when it refused to treat his right hand even though they knew he needed surgery. Id. Plaintiff asserts he has not exhausted his administrative remedies but that his remedies are unavailable to him because "[the institution] never repl[ies]. [Plaintiff] ha[s] 19 grievance[s] and [the institution] refuse[s] to respond to[] any of them." Id. at 2.

Plaintiff seeks monetary damages. Id. at 6.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S.

Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS CARSON SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT MEDICAL, OR OFFICER MAGEE IN HIS OFFICIAL CAPACITY**

**A.  Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**B.      Analysis**

Here, Plaintiff fails to state a Section 1983 claim against Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, or Officer Magee in his official capacity because Plaintiff does not allege facts showing the Carson Sheriff's Department or Los Angeles County Sheriff's Department Medical had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166. In fact, Plaintiff appears to allege Officer Magee failed to comply with the Carson Sheriff's Department policy by handcuffing Plaintiff in a patrol car, rather than prior to Plaintiff entering the patrol car. Dkt. 1 at 6. Hence, it appears Plaintiff is alleging a "random act[] or [an] isolated event[]". See Thompson, 885 F.2d at 1444. Moreover, to the extent Plaintiff alleges Carson Sheriff's Department officers were not properly trained regarding handcuffing inmates, those allegations are merely conclusory. See In re Gilead Scis. Sec. Litig., 536 F.3d at 1055.

Ultimately, Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy, pursuant to which the Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, or Officer Magee acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, or Officer Magee in his official capacity must be dismissed.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: July 26, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge