# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>CARSON SHERIFF DEPT., ET AL.,<br><br>Defendant(s). | Case No. CV 18-6221-JLS-KK<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Michael Eugene Scott ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1983 ("Section 1983") against defendants Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, and Carson Sheriff's Department Officer Magee in his individual capacity ("Defendants"). Plaintiff alleges Defendants used excessive force and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///

///

## II.
## **PROCEDURAL HISTORY**

On July 1, 2018, Plaintiff constructively filed[1] a civil rights complaint ("Complaint"). ECF Docket No. ("Dkt.") 1. The Complaint sued Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, and Officer Magee in his individual and official capacities. Id.

On July 26, 2018, the Court issued an order dismissing the Complaint with leave to amend for failing to state a claim against defendants Carson Sheriff's Department, Los Angeles County Sheriff's Department Medical, and Officer Magee in his official capacity. Dkt. 5, ODLA.

On August 1, 2018, Plaintiff constructively filed the instant FAC. Dkt. 7, FAC. The FAC sues the same Defendants in their individual capacities, but otherwise largely mirrors the original Complaint. FAC at 2-3. Plaintiff again alleges that in September 2017, Carson Sheriff's Department Officer Magee violated the Eighth Amendment when he broke Plaintiff's right hand by handcuffing Plaintiff in a patrol car and delaying medical treatment. Id. at 5. Plaintiff further contends Los Angeles County Sheriff's Department Medical violated the Eighth Amendment when it refused to treat his right hand even though they knew he needed surgery. Id. at 7-8. Plaintiff asserts he has not exhausted his administrative remedies but that his remedies are unavailable to him because "[the institution] never repl[ies] . . . . [Plaintiff] ha[s] 18 grievance[s] and [the institution] refuse[s] to respond to[] them." Id. at 2.

Plaintiff seeks monetary damages. FAC at 6.

///
///

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

# III.
# STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS CARSON SHERIFF'S DEPARTMENT AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT MEDICAL**

**A.  Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of

Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

To state a cognizable Section 1983 claim against a municipality, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**B.    Analysis**

Here, Plaintiff fails again to state a Section 1983 claim against Carson Sheriff's Department and Los Angeles County Sheriff's Department Medical[2] because Plaintiff does not allege facts showing the Carson Sheriff's Department or Los Angeles County Sheriff's Department Medical had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166. Instead, Plaintiff simply alleges Los Angeles County Sheriff's Department Medical delayed treatment on his hand and refused to give him surgery. FAC at 6.

---

[2]    As government entities, whether Plaintiff sues the Carson Sheriff's Department or Los Angeles County Sheriff's Department Medical in their "individual" or "official" capacity is of no distinction. Ultimately, Plaintiff must allege sufficient facts to support a Monell claim for these defendants.

If Plaintiff seeks to sue individual defendants employed by Carson Sheriff's Department and Los Angeles County Sheriff's Department Medical, Plaintiff must clearly identify those individual defendants and allege sufficient facts supporting a claim against each individual defendant in an amended complaint. See Fed. R. Civ. P. 8.

Hence, it appears Plaintiff is alleging a "random act[] or [an] isolated event[]". See Thompson, 885 F.2d at 1444.

Consequently, Plaintiff fails again to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy, pursuant to which the Carson Sheriff's Department and Los Angeles County Sheriff's Department Medical acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Carson Sheriff's Department and Los Angeles County Sheriff's Department Medical must be dismissed.

## V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint

must be complete without reference to the FAC or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court cautions Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: August 30, 2018

*/s/ Kenly*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge