UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6221-JLS (KK)** | Date: | March 20, 2019 |
|---|---|---|---|

Title: *Michael Eugene Scott v. Carson Sheriff Dept., et al.*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Motion for Discovery [Dkt. 37] and Motion for Subpoena [Dkt. 38]

On September 25, 2018, Plaintiff Michael Eugene Scott ("Scott") constructively filed a Second Amended Complaint ("SAC") against Defendants Sheriff Deputy Magee and an unnamed John Doe doctor in their individual capacity. ECF Docket No. ("Dkt.") 17. On January 9, 2019, Scott constructively filed a Motion naming the Doe defendant in the SAC as Dr. Aldric M. Jones. Dkt. 30. On January 25 and 29, 2019, defendants Magee and Jones were served with a summons, respectively. Dkts. 33, 34, 39, 42. On March 5, 2019, defendant Jones filed a Motion to Dismiss. Dkt. 46.

On February 4, 2019, Scott constructively filed a Motion for Discovery to discover the name of the "Sheriff Deputy who broke [his] hand". Dkt. 37. However, defendant Magee, the deputy who Scott alleged broke his hand in his SAC, see dkt. 17, has been served with a summons. See dkts. 33, 34. As such, Scott's Motion for Discovery, dkt. 37, is **DENIED** as moot.

On February 5, 2019, Scott constructively filed a Motion for Subpoena seeking from the Carson Sheriff's Department his "arresting record", "medical records from UCLA medical", "the name of the arresting officer", and his "inmate grievance form of [the] Sheriff breaking [his] hand". Dkt. 38. However, under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). A plaintiff may seek pre-answer discovery only by court order and only by demonstrating "good cause", i.e. whether the benefits of the discovery request outweigh the prejudice to the responding party. See Alkasabi v. Washington

Mutual Bank, FA, No. 12cv2569-WQH (MDD), 2012 WL 12874515, at *1 (S.D. Cal. Dec. 12, 2012) (denying pre-answer discovery request where defendants had filed a motion to dismiss and plaintiff had not shown good cause to warrant discovery).  At this juncture in the case, the Court does not find, nor has Scott demonstrated, good cause for pre-answer discovery.  Accordingly, Scott's Motion for Subpoena, dkt. 38, is **DENIED** without prejudice.

    **IT IS SO ORDERED.**