UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-6221-JLS (KK)** | Date: | March 20, 2019 |

Title: *Michael Eugene Scott v. Carson Sheriff Dept., et al.*

---

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Re: Dismissal of Defendant Magee

On September 25, 2018, Plaintiff Michael Eugene Scott ("Scott") constructively filed a Second Amended Complaint ("SAC") against Defendants Sheriff Deputy Magee and an unnamed John Doe[1] doctor in their individual capacity. ECF Docket No. ("Dkt.") 17. On October 10, 2018, after screening the SAC, the Court ordered service by the United States Marshal Service ("USMS") on defendant Magee. Dkts. 20, 21.

On January 25, 2019, the Court received a Process Receipt and Return Form for defendant Magee from the USMS certifying that service was executed on defendant Magee. Dkts. 33, 34. Therefore, a response to the SAC from defendant Magee was due on or before February 15, 2019. See Fed. R. Civ. P. 12(a)(1).

Defendant Magee has failed to respond to the SAC. The failure of a party to defend against an action can be grounds for entry of judgment against that party. Federal Rule of Civil Procedure 55 provides a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Id. "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the

---

[1] On January 9, 2019, Scott constructively filed a Motion naming the Doe defendant in the SAC as Dr. Aldric M. Jones. Dkt. 30. On March 5, 2019, defendant Jones filed a Motion to Dismiss. Dkt. 46.

litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Id. A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is entirely within the court's discretion. See id.

Entry of default—the first of these two steps—is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

Accordingly, **on or before April 19, 2019**, Scott is ORDERED to file a request for entry of default or show good cause in writing, if any exists, why Scott has not proceeded to seek an entry of default in this action as to defendant Magee pursuant to Rule 55(a). Scott is forewarned that, if he fails to show cause, request entry of default, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as evidence of Scott's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss defendant Magee from this action.

Alternatively, Scott may request a voluntary dismissal of the action against defendant Magee without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to mail Scott a blank Notice of Dismissal Form, which the Court encourages Scott to use if he chooses to voluntarily dismiss the action against defendant Magee.

**The Court warns Scott that the Court will deem his failure to timely file a response to this Order as consent to the dismissal of defendant Magee from this action without prejudice.**

**IT IS SO ORDERED.**